IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROCONGPS, INC, <br><br>         Plaintiff, <br><br> v. <br><br> STAR SENSOR LLC, *et al.*, <br><br>         Defendants. | No. C 11-3975 SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND GRANTING SKYPATROL LEAVE TO AMEND THIRD COUNTERCLAIM** |

Plaintiff's motion to dismiss defendant Skypatrol's third counterclaim is scheduled for a hearing on December 2, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiff's motion and GRANTS Skypatrol leave to amend. Skypatrol's amended counterclaim must be filed by **December 22, 2011**.

## DISCUSSION

On August 15, 2011, plaintiff ProconGPS, Inc. filed this lawsuit against several defendants, including defendant Skypatrol, LLC. Plaintiff alleges that defendants are infringing two patents owned by plaintiff.

Plaintiff moves to dismiss defendant Skypatrol's third counterclaim. The third counterclaim for unfair competition alleges,

> On information and belief, Procon has represented and is representing to third parties, including but not limited to Skypatrol's existing and prospective customers, that Skypatrol is going out of business, at least in part due to Procon's litigation tactics. As an example, during the week of August 29, 2011, a Procon sales representative called one of Skypatrol's existing customers, The Best Choice Inc., and represented multiple

times that Skypatrol was going out of business and that Skypatrol's efforts to sell additional products were aimed at collecting as much money as possible before closing or going bankrupt. These representations are false.

Skypatrol's Amended Answer and Counterclaims ¶ 71. The third counterclaim also alleges, "[o]n information and belief, Skypatrol has lost at least one customer based on Procon's representations to third parties that Skypatrol is going out of business." *Id*. ¶ 72. In addition, Skypatrol alleges on information and belief that Procon "is asserting patents that are not valid and not infringed," and that Procon's conduct constitutes unfair competition under common law, California Business and Professions Code § 17200 *et seq.*, and the Lanham Act, 15 U.S.C. § 1125(a). *Id*. ¶¶ 73-74.

## I.  Rule 9(b)

Plaintiff moves to dismiss defendant's counterclaim on numerous grounds. First, plaintiff contends that Skypatrol failed to plead the counterclaim with heightened particularity as required by Federal Rule of Civil Procedure 9(b). Plaintiff argues that Rule 9(b) applies because Skypatrol alleges that Procon falsely misrepresented Skypatrol's financial condition. Plaintiff contends that the counterclaim does not meet the pleading requirements of Rule 9(b) because Skypatrol alleges that unidentified Procon employees made false statements to unidentified third parties at unspecified times.

Skypatrol responds that Rule 9(b) does not apply because Skypatrol's counterclaim does not sound in fraud. Skypatrol asserts that the basis for its counterclaim is that Procon's false statements are unfair, not that they are fraudulent. Skypatrol also argues that even if Rule 9(b) applies, the counterclaim meets that standard because Skypatrol alleges specific facts about Procon's misrepresentations to one of Skypatrol's customers, The Best Choice, Inc.

The Court agrees with plaintiff that Rule 9(b) applies because Skypatrol's unfair competition counterclaim is based entirely on the allegation that Procon employees have and continue to falsely represent Skypatrol's financial condition; there is no other conduct that is alleged to be "unfair." The Court further finds that, with the exception of the allegations concerning misrepresentations made to The Best Choice, Inc., the counterclaim does not meet Rule 9(b)'s pleading standard. Skypatrol alleges "on information and belief" that Procon is falsely representing to unnamed third parties that Skypatrol is going out of business "at least in part due to Procon's litigation tactics." These allegations are too vague

2

1 to provide Procon with notice of the particular misconduct with which it is charged. The Court grants
2 Skypatrol leave to amend to allege more specific details about the alleged misrepresentations. While
3 the Court does not expect Skypatrol to be able to allege the names of the persons who allegedly made
4 the misrepresentations, in order to provide Procon with adequate notice, Skypatrol must allege some
5 information about the person or persons who made the misrepresentations (such as if the person was a
6 sales representative), when the misrepresentations were made, and to whom. In addition, Skypatrol
7 must allege the substance of the false statements, and specify what it means by "at least in part due to
8 Procon's litigation tactics."

## II.  Lanham Act

Plaintiff contends that Skypatrol has not stated a claim for unfair competition under the Lanham Act because Skypatrol has not alleged any facts showing that plaintiff acted in bad faith. Plaintiff relies on *Zenith Electronics Corporation v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999), in which the Federal Circuit held,

> [B]efore a patentee may be held liable under § 43(a) for marketplace activity in support of its patent, and thus be deprived of the right to make statements about potential infringement of its patent, the marketplace activity must have been undertaken in bad faith. This prerequisite is a function of the interaction between the Lanham Act and patent law, and is in addition to the elements required by § 43(a) itself, as § 43(a) alone does not require bad faith [citations].

*Id*. at 1353.

The parties dispute whether Skypatrol has alleged "marketplace activity in support of [Procon's] patent." *Id*. Plaintiff argues that Skypatrol fails to allege that Procon made statements about Skypatrol's business outside the context of informing customers of patent infringement, while Skypatrol contends that Procon's false statements about Skypatrol's financial condition and business operations are distinct from its claims of patent infringement.

The Court concludes that, as currently pled, it is unclear whether Skypatrol's Lanham Act counterclaim seeks to hold plaintiff liable for marketplace activity in support of its patent. The Court agrees with Skypatrol that Procon's alleged misstatements about Skypatrol going out of business, on their own, do not constitute marketplace activity in support of Procon's patent. However, the

counterclaim alleges that Procon has represented, and is representing that "Skypatrol is going out of business, at least in part due to Procon's litigation tactics." Counterclaim ¶ 71. It is unclear what Skypatrol means by "Procon's litigation tactics." If Skypatrol is alleging that Procon told third parties that Skypatrol is going out of business because Skypatrol is infringing Procon's patents, such conduct would appear to constitute "marketplace activity in support of its patent." *Zenith Elecs.*, 182 F.3d at 1353; *see id.* at 1354 (patent holder's statement that alleged infringer could not design around patent was marketplace activity in support of patent).

The Court will grant Skypatrol leave to amend to clarify the nature of its Lanham Act counterclaim. In amending this claim, Skypatrol should take care to allege all of the elements of a such a claim: "(1) that the defendant . . . made a false or misleading statement of fact in commercial advertising or promotion about the plaintiff's goods or services; (2) that the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the defendant caused the statement to enter interstate commerce; and (5) that the statement results in actual or probable injury to the plaintiff." *Zenith Elecs.*, 182 F.3d at 1348. If Skypatrol's amended counterclaim alleges conduct by Procon in support of its patent such that the bad faith requirement of *Zenith* applies, Skypatrol must also allege facts in support of its allegation that Procon is asserting patents it knows are not valid and not infringed; it is not sufficient to simply make such an allegation "on information and belief."

## III. UCL

With regard to the UCL, plaintiff argues that Skypatrol has not alleged any facts depicting any deception of Skypatrol's customers or any facts to support an inference that plaintiff committed an unfair practice that broke or violated the spirit of antitrust laws. "When a party sues an ostensible competitor under the 'unfair' prong of § 17200, the claim may be proven only on the basis of 'conduct that threatens an incipient violation of an anti-trust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" *Watson Labs, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1118 (C.D. Cal. 2001) (quoting *Cel–Tech Commn's, Inc. v. Los Angeles Cellular Tel.*

4

*Co.*, 20 Cal.4th 163, 187 (1999).

Skypatrol contends that under *Watson Labs* and *Cel-Tech* it need not allege an antitrust violation, and instead can state a claim under the "unfair" prong by alleging conduct that harms or threatens competition. While Skypatrol is correct in its statement of the law, Skypatrol's counterclaim does not actually allege that plaintiff's conduct "significantly threatens or harms competition." Instead, the counterclaim only alleges that Skypatrol has lost at least one customer based on Procon's alleged misrepresentations. Harm to a competitor is not the same as harm to competition, and Skypatrol must allege conduct that significantly threatens or harms competition in order to state a claim. *Watson Labs*, 178 F. Supp. 2d at 1118-19. In addition, if Skypatrol's UCL claim is based on Procon's marketplace activity in support of its patent, Skypatrol must allege facts showing bad faith on the part of Procon. *See Zenith Elecs.*, 182 F.3d at 1355. Accordingly, the Court GRANTS plaintiff's motion and GRANTS Skypatrol leave to amend.

## IV. Litigation privilege

Plaintiff also contends that Skypatrol's counterclaim fails because Procon's alleged misrepresentations are protected by California's litigation privilege. The litigation privilege, codified at California Civil Code § 47, "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Jacob B. v. County of Shasta*, 154 P.3d 1003, 1007 (Cal. 2007) (citation omitted). The privilege bars all tort causes of action other than malicious prosecution and applies to any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal.3d 205, 219-220 (1990).

In light of the Court's dismissal of the counterclaim with leave to amend, the Court finds it unnecessary to decide whether the alleged misrepresentations to Skypatrol's current and potential customers are protected by the litigation privilege. However, the Court notes that "[s]tatements to nonparticipants in the action are generally not privileged under section 47, subdivision (b), and are thus

5

actionable unless privileged on some other basis." *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1141 (1996). In addition, in order for the litigation privilege to apply, "the communicative act – be it a document filed with the court, a letter between counsel or an oral statement – must function as a necessary or useful step in the litigation process and must serve its purposes." *Id*. at 1146. While it is unclear what Skypatrol means by its allegation that Procon has represented that Skypatrol is going out of business "at least in part due to Procon's litigation tactics," the other alleged statements – that Skypatrol is going out of business, and that Skypatrol's efforts to sell additional products were aimed at collecting as much money as possible before closing or going bankrupt – do not function as a necessary or useful step in the process of litigating plaintiff's claims of patent infringement.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion and GRANTS Skypatrol leave to amend. The amended counterclaim must be filed by **December 22, 2011**.

**IT IS SO ORDERED.**

Dated: November 29, 2011

SUSAN ILLSTON
United States District Judge