1

2

3

4

5             IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  PROCONGPS, INC.,                           No. C 11-03975 SI

9          Plaintiff,                        **ORDER RE: MOTIONS TO COMPEL**
                                             **PRODUCTION OF DOCUMENTS AND**
10    v.                                     **INTERROGATORY ANSWERS**

11  STAR SENSOR, LLC, et al.,

12          Defendants.
                                        /
13

14

15        Plaintiff ProconGPS, Inc. ("Procon")  filed two letter briefs requesting the Court to compel

16  defendants Star Sensor, LLC, and Skypatrol, LLC, to produce certain documents as requested by

17  plaintiff. Skypatrol has also filed a letter brief requesting the Court to compel Procon to produce certain

18  documents and respond to certain interrogatories.  Having considered the papers submitted by the

19  parties, the Court GRANTS plaintiff's and defendant's requests.

20

21  **1.      Procon Motion re: Star Sensor's Responsive Documents**

22        Procon seeks an order compelling Star Sensor to produce all of the documents that it agreed to

23  produce in response to Procon's first document production request.  Procon asserts that Star Sensor has

24  only produced documents in response to Request for Production ("RFP") No. 1, although it has also

25  agreed to produce documents in response to RFP Nos. 2, 4, 7-13, 15-44, and 46-50.  Dkt 85, Exh. 2.

26        Star Sensor had objected that Procon's definition of "GPS Products" was overly broad. *See id.*,

27  RFP Nos. 3, 5, 6, 14, 45.  However, the parties have since agreed on a narrower definition of "GPS

28  Products." Dkt 88 at 1.  With this new definition taken into account, Star Sensor has agreed to the

1 | production of documents in response to Procon's RFP Nos. 1-50.

2 |      Star Sensor had also objected to producing certain documents dating earlier than July 7, 2011,

3 | because it contended that Procon was barred from seeking damages past that date.  Procon argues that

4 | it is entitled to seek damages for the last six years under 35 U.S.C. § 286.  Without conceding the merits

5 | of Procon's argument, Star Sensor has stated that it intends to produce documents that are no longer

6 | limited to the time period of July 7, 2011.

7 |      Accordingly, Star Sensor is ORDERED to produce documents responsive to Procon's Request

8 | for Production Nos. 1-50, incorporating the agreed narrower definition of "GPS Products," and for the

9 | last six years prior to the filing of the suit.

10

11 | **2.**       **Procon Motion re: Star Sensor's Source Code Format**

12 |      Procon objects to the format in which it received Star Sensor's source code.  Star Sensor sent

13 | Procon a disc of the source code, but Procon has objected that the nearly 28,000 pages are not in a

14 | "useable" format because it is not a format that is "searchable, reflects the hierarchy of the code, [or]

15 | contains developer notes." Dkt 85 at 1. Star Sensor does not dispute these characterizations, but instead

16 | has stated that the source code is "in a text-based programming language and is legible in printed form."

17 | Dkt. 88 at 2.

18 |      Rule 34 requires a party to produce discovery in "a form or forms in which it is ordinarily

19 | maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii).  Some courts have

20 | found that a reasonably usable form should include a search function, if the original format had a search

21 | function. *See L.H. v. Schwarzenegger*, 2008 U.S. Dist. LEXIS 86829, *12-13 (E.D. Cal. May 14, 2008);

22 | *In re Verisign*, 2004 WL 2445243 at *1 (N.D. Cal. 2004).  Here, it is unknown whether the format of

23 | the code as it was ordinarily maintained was searchable, hierarchical, or contained developer notes.  To

24 | the extent that the source code was originally maintained in a format that contained these three

25 | characteristics, Star Sensor is ORDERED to produce the source code in that format.

26

27 | **3.**       **Procon Motion re: Skypatrol's Responsive Documents**

28 |      First, Procon seeks an order compelling Skypatrol to produce documents required by Patent

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

Local Rule 3-4(a). This local rule requires the party defending a claim of infringement to make available "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects of elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart." Procon argues that Skypatrol has not produced these required documents, with the exception of certain prior art, manuals, and quickstart guides already publically available. Skypatrol asserts that it has already produced or will produce these technical documents to comply with Patent Local Rule 3-4(a). Accordingly, Shypatrol is ORDERED to do so.

Second, Procon requests that the Court compel Skypatrol to produce the documents it has already agreed to produce. In response to Procon's first request for production, Skypatrol agreed to produce documents for RFP Nos. 2, 7-10, 13, 15-16, 18-20, 24-32, 38, 41, and 43. Dkt. 86, Exh. 2. Procon asserts that Skypatrol has not yet produced all of these documents. Skypatrol asserts that it will produce these documents. The Court ORDERS that it do so.

Third, Procon requests that the Court compel Skypatrol to produce certain documents for the six years from this suit's filing date. Skypatrol has agreed to produce documents responsive to RFP Nos. 4, 35, and 39-40, as long as they are after July 7, 2011. Skypatrol argues that it does not have to produce earlier documents because damages will not accrue before then under the doctrine of "intervening rights." However, Procon argues that the doctrine does not apply, and it will seek damages for six years from the date of suit. Under Federal Rules of Civil Procedure 26(b)(1), each party has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense," and for good cause, the court may permit discovery of information "relevant to the subject matter involved in the action." Even though there are two competing theories of damages, the documents from the last six years are reasonably relevant to the issue of damages if Procon's theory is correct. Thus, the Court ORDERS that Skypatrol produce documents responsive to RFP Nos. 4, 35, and 39-40 for the six years from the filing of this suit.

**4.     Skypatrol's Motion re: Procon's Responsive Documents**

Skypatrol asserts that, although Procon agreed to produce documents in response to Skypatrol's

3

United States District Court
For the Northern District of California

1  first set of document requests, it has failed to comply completely.  Specifically, Skypatrol seeks an order

2  that Procon produce documents responsive to Request Nos. 1-4, 6-12, 14-18, 21-22, 32-34, 36, 39, 42,

3  51, 56-58, 63-64, 66-79, and 81-83.  Dkt 87, Exhs. 3-4.  Procon asserts that it has produced or will

4  produce the documents that it has agreed to produce, if they exist.  The Court ORDERS that it do so.

5

6  **5.      Skypatrol's Motion re: Procon's Interrogatory Answers**

7      Skypatrol also requests that Procon be compelled to provide complete responses to Skypatrol's

8  Interrogatory Nos. 1-2.  See Dkt. 87, Exh. 5.  Regarding Interrogatory No. 1, Procon has agreed to

9  supplement its response to identify the licenses that it has already produced.  The Court ORDERS that

10  it do so.

11      Interrogatory No. 2 seeks a complete description of Procon's damages calculations.  Procon

12  announced in a press release that it estimated damages at $10 million.  However, Procon asserts that this

13  was only an "early estimate," and it cannot respond to Skypatrol's interrogatory until Skypatrol has

14  produced all of its documents and an expert has rendered an opinion on those documents.  Dkt. 89 at

15  2. The Court ORDERS that Procon answer Skypatrol's Interrogatory No. 2 explaining how it reached

16  the $10 million early estimate, and then answer Interrogatory No. 2 again with a more refined estimate

17  once Skypatrol has produced all of its documents and an expert has analyzed them.

18      Accordingly, both plaintiff's and defendant's requests to compel documents and interrogatory

19  answers are GRANTED [Docket Nos. 85, 86, 87, 88, 89].[1]

20

21      **IT IS SO ORDERED.**

22

23  Dated: October 29, 2012

SUSAN ILLSTON
United States District Judge

24

25

26

27

28      [1]  Had counsel met and conferred in a meaningful way, neither side would have been required
to brief these issues or to expend the attorneys' fees attendant on them