IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROCONGPS, INC., | No. C 11-03975 SI |
|     Plaintiff, | **ORDER RE: ADMINISTRATIVE MOTION TO SEAL** |
|    v. | |
| STAR SENSOR, LLC, et al., | |
|     Defendants. | |

On December 13, 2013, plaintiff Spireon (formerly "ProconGPS") filed an administrative motion to file documents under seal. Spireon seeks to seal defendant Star Sensor's Responses to Spireon's First Interrogatories in support of Spireon's "Concise Statement of the Nature and Status of the Dispute" with Star Sensor. Star Sensor designated the Responses "highly confidential–attorneys' eyes only."

Pursuant to Civil Local Rule 79-5(d), within 7 days the party designating the document as confidential – defendant Star Sensor – must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. On December 19, 2012, Star Sensor responded to the allegations in the "Concise Statement of the Nature and Status of the Dispute," but failed to address the issue of whether to seal its Responses.

"A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L. R. 79-5(a). With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d

1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips*, 307 F.3d at 1211.

Spireon's administrative motion was filed on December 13, 2012, from which Star Sensor had 7 days to make a filing consistent with Local Rule 79-5(d). Star Sensor's filing on December 19, 2012 failed to address the issue of whether to seal its Responses, and instead only addressed the allegations in the "Concise Statement of the Nature and Status of the Dispute." Accordingly, the Court DIRECTS defendant Star Sensor to make the requisite showing that the documents at issue are sealable, **no later than January 4, 2013**. If it does not do so, the documents will be appended to Spireon's Concise Statement of the Nature and Status of the Dispute with Star Sensor and made part of the public record.

**IT IS SO ORDERED.**

Dated: December 26, 2012

SUSAN ILLSTON
United States District Judge