IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PROCONGPS, INC.,

    Plaintiff,

v.

SKYPATROL, LLC, *et al.*,

    Defendants.

                                  /

No. C 11-3975 SI

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS**

Plaintiff Spireon (formerly ProconGPS) has filed a motion to amend its infringement contentions, and the motion is scheduled for a hearing on May 10, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion.

**DISCUSSION**

Plaintiff Spireon seeks leave to "provide infringement charts," or alternatively to amend its infringement contentions pursuant to Patent Local Rule 3-6 so the contentions are consistent with its infringement charts. Spireon's motion was prompted by a dispute between Spireon and defendant Skypatrol regarding "infringement charts" that Spireon provided in February 2013 in response to an interrogatory asking for Spireon's evidence that Skypatrol performs, induces and/or contributes to the infringement of each of the asserted claims of the patents-in-suit. Skypatrol argues that the infringement charts are tantamount to amended infringement contentions because they expand the scope of Spireon's infringement allegations, and as such the infringement charts were improper. Spireon states that the

infringement charts do not add new products or new legal theories, and that they simply provide more detail based on nonpublic information recently learned in discovery.[1] Spireon seeks leave to amend its infringement contentions in order to avoid further disputes on this matter and to clarify that Spireon may rely on the evidence discussed in the infringement charts.

Patent Local Rule 3-6 sets forth the standard for amendment of infringement contentions:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6.

The Court finds that Spireon has demonstrated that it has been diligent and thus there is good cause for amendment. The additional detail contained in the infringement charts is largely[2] based on discovery recently produced by Skypatrol, as well as the recent deposition of one of Skypatrol's customers, T Motor Sales. *See DCG Systems v. Checkpoint Technologies*, LLC, No. C 11–03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012) (granting amendment where "the manuals giving rise to the proposed amendment were not publicly available [and] DCG tendered its proposed amendments a few weeks after it received them). Spireon states that prior to December 7, 2012, Skypatrol had produced only 2,478 pages of documents, consisting primarily of purported prior art and a number of firmware testing documents. Beginning on December 7, 2012, and proceeding through

---

[1] A comparison of Spireon's December 2011 preliminary infringement contentions and the February 2013 infringement charts is attached as Exhibit A to Skypatrol's opposition brief. Docket No. 158-1.

[2] Skypatrol asserts that because Spireon and Skypatrol are competitors in a small industry, "Spireon has been well aware of how Skypatrol's products work since before this case was filed," and it notes that some of the documents listed in the infringement charts were produced by Spireon. Regardless, the excerpts of the infringement charts provided by Skypatrol show that most of the evidence cited was produced by Skypatrol and from the T Mobile deposition.

February 8, 2013, Skypatrol began to produce on a rolling basis an additional 412,000 pages of documents.[3] On March 21, 2013, Skypatrol produced another 130,000 pages of documents. Skypatrol did not make its source code available for inspection until January 30, 2013, and produced paper copies of the source code in February 2013. The parties have had disputes regarding scheduling depositions, and the first deposition of a party was not taken until February 21, 2013. Spireon states that the recent discovery included detailed information about the internal workings of Skypatrol's products, and that this information is not publicly available, as evidenced by the fact that it is almost entirely made up of material that Skypatrol has designated "Highly Confidential-Attorneys' Eyes Only."

The Court also finds that amendment will not prejudice Skypatrol. Skypatrol asserts that Spireon's original infringement contentions were limited solely to Skypatrol products that had both an optional "Late Payment Warning Feature" and an optional "starter disabler," and that the infringement charts add new products that do not have these features. However, Skypatrol does not specify which products it claims have been added by the infringement charts. Further, the Court finds that while the language of Spireon's original infringement contentions could be read as limiting its infringement allegations to Skypatrol "Finance Company Solution" products containing both optional features,[4] Spireon demonstrates in its reply brief that the infringement charts do not add new accused products to this case. Spireon's December 2011 infringement contentions identified a number of specific products and/or services as "accused instrumentalities," including but not limited to the Finance Company Solution. Caine Decl. Ex. 1. In its first set of requests for production of documents, served on May 29, 2012, Spireon sought discovery concerning Skypatrol's "GPS products," and Skypatrol responded with a complete list of accused products; these are the same products at issue today. Supp. Caine Decl. Ex.

---

[3] The docket reflects that there have been a number of discovery disputes in this case, and that both Spireon and Skypatrol have brought motions to compel.

[4] Spireon's original infringement contention for Claim 1 (A) of the '217 patent ("receiving a signal in response to a change in the loan status") states "The method of Skypatrol's Accused Instrumentalities includes 'receiving a signal in response to a change in the loan status' *at least because* Skypatrol's Finance Company Solution has a 'Late Payment Warning Feature' that monitors the loan status for delinquent condition. (Ex. 1, Sky patrol website at http://www.skypatrol.com/payment-assurance-solutions/automobile)." Opp'n, Ex. A at 4 (emphasis added). The language "at least because" could be read to mean that only products containing the Late Payment Warning Feature infringe. However, the phrasing is somewhat ambiguous and could also be read to mean that the example provided is just one example of how Skypatrol's products infringe.

20, 21. Skypatrol's claim of prejudice is also undercut by the fact that Spireon states that it has not and will not seek any additional discovery directed at purportedly "new products," and Skypatrol does not assert that it will be required to conduct any additional discovery in response to the infringement charts.

Skypatrol also argues that it will be prejudiced because "Skypatrol analyzed its claim construction positions, completed its claim construction briefing, and presented its full arguments at the July 18, 2012 hearing without the benefit of Spireon's full positions on infringement." Opp'n at 7:11-13. However, Skypatrol does not state what, if anything, it would have done differently, nor does Skypatrol specify what the purportedly new legal theories are. The Court finds that the infringement charts are consistent with Spireon's infringement contentions that Skypatrol's solutions "contribute to and/or induced direct infringement by others, including without limitation . . . (3) lenders and/or dealers that install Skypatrol's Accused Instrumentalities in vehicles, and/or use Skypatrol's Accused Instrumentalities to secure loan collateral, monitor the loan status, determine location of vehicles and confiscate the vehicles." Caine Decl. Ex. 1 at 5-6.

Accordingly, the Court finds that Spireon has established good cause for the amendments and that Skypatrol will not be prejudiced, and thus GRANTS the motion to amend infringement contentions.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to amend infringement contentions. Docket No. 150.

**IT IS SO ORDERED.**

Dated: April 26, 2013

SUSAN ILLSTON
United States District Judge