**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROCONGPS, INC., | No. C 11-3975 SI |
| Plaintiff, | **ORDER RE: STIPULATION BY PLAINTIFF AND DEFENDANTS JIM SCHUMACHER AND JIM SCHUMACHER LLC TO FILE UNDER SEAL** |
| v. | |
| SKYPATROL, LLC, *et al.*, | |
| Defendants. | |

On April 23, 2013, plaintiff Spireon (formerly ProconGPS) and defendants Jim Schumacher and Jim Schumacher LLC ("Schumacher defendants") filed a stipulation and proposed order to file certain documents under seal, in connection with the Schumacher defendants' motion for summary judgment. Docket No. 164. On April 30, 2013, plaintiff filed the declaration of Michael Nguyen in support of the stipulation. Docket No. 170. The parties seek to file under seal portions of the Schumacher defendants' motion for summary judgment referencing Exhibit 5, as well as the entirety of Exhibit 5. Plaintiff has designated Exhibit 5 as "highly confidential." Mr. Nguyen's declaration states that plaintiff designated Exhibit 5 as highly confidential because it contains Spireon's nonpublic, proprietary information regarding the business relationship between Spireon and defendant Star Sensor.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion such as the Schumacher defendants' motion for summary judgment, the submitting party bears the burden of "articulating compelling reasons supported by

specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(a).

The stipulation and supporting declaration do not demonstrate that the materials at issue should be sealed. The redacted portions of the summary judgment motion do not refer to nonpublic, proprietary information regarding the business relationship between Spireon and defendant Star Sensor. Further, while it may be that portions of Exhibit 5 contain proprietary or other confidential information, the stipulation does not demonstrate why the entire exhibit – including the specific portions relevant to the Schumacher defendants' motion – must be filed under seal. The fact that Spireon and Star Sensor agreed among themselves to keep Exhibit 5 private, without more, is no reason to shield the information from other parties to the case or the public at large. "[S]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Circ. 2002) (citations omitted).

Accordingly, the Court hereby DENIES the stipulation to file under seal. This denial is without prejudice to the parties refiling the stipulation and supporting declaration, **no later than May 8. 2013**, in a format which is narrowly tailored and demonstrates "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79.

This order resolves Docket No. 164.

**IT IS SO ORDERED.**

Dated: May 3, 2013

SUSAN ILLSTON
United States District Judge

2