IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROCONGPS, INC., | No. C 11-3975 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SKYPATROL, LLC, *et al.*, | |
| Defendants. | |

Defendants Jim Schumacher and Jim Schumacher LLC have filed a motion for summary judgment, and the motion is scheduled for a hearing on June 21, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

On August 15, 2011, plaintiff Spireon (formerly ProconGPS, Inc.) filed this lawsuit against Star Sensor LLC, Jim Schumacher LLC, Jim Schumacher, Tony Rangel, and Skypatrol, LLC. Plaintiff alleges that defendants are infringing two patents owned by plaintiff that generally involve using GPS technology to secure collateral for a loan.

The complaint alleges that defendant Jim Schumacher is a former sales representative and a reseller of plaintiff's products and services and that he is an experienced sales representative in the GPS tracking industry. Compl. ¶ 17. The complaint alleges that Schumacher organized Jim Schumacher

1 LLC and does business as GPS Vehicle Finder which "sells and offers for sale GPS tracking products
2 which infringe the [patents-in-suit]." *Id*. ¶ 18. The complaint alleges that the Schumacher defendants
3 infringe by offering to sell and selling "products such as the ES101 GPS/GPRS module and the LCS-1
4 GPS tracking device," and "other GPS tracking solutions programs, which implement one or more
5 methods of securing collateral that are covered" by at least claim 1 of each of the '774 and '217 patents.
6 Compl. ¶¶ 22, 32.

When this lawsuit was filed, Schumacher was a sales agent who sold GPS vehicle products on behalf of defendant Star Sensor LLC. Sheffield Decl. Ex. 1 at 92:16-18, 222:18-223:6 (Schumacher deposition). Schumacher states that in July 2011 he bought 5,000 units in Star Sensor and became one of three members of that limited liability corporation. Schumacher resigned from his position as a Star Sensor sales agent in January 2013. *Id*. at 222:18-223:6.[1]

In January 2013, Schumacher became a sales agent for defendant Skypatrol.

### LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for

---

[1] Schumacher also sold GPS products for plaintiff from November 2005 to March 2011.

2

the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.* Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (observing that there is no genuine issue of fact "where the only evidence presented is 'uncorroborated and self-serving' testimony" (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996))). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(c). Hearsay statements found in affidavits are inadmissible. *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 762-63 (9th Cir. 1980).

## DISCUSSION

### I. Schumacher defendants' liability based on sales of Star Sensor products

Defendants move for summary judgment on plaintiff's claims to the extent they are based on defendants' reselling of Star Sensor products. Defendants argue that plaintiff's claims against the Schumacher defendants were released in a March 2013 settlement between plaintiff and Star Sensor, releasing all claims against "present . . . members" of Star Sensor "related to infringement of the Patent-in-Suit solely with respect to the Star Sensor Products," because Jim Schumacher LLC was a member of Star Sensor when the settlement was executed. Sheffield Decl. Ex. 5. Defendants have submitted into evidence the Star Sensor/Spireon settlement agreement; Schumacher's April 4, 2013 deposition testimony in which he states that he is a member of Star Sensor LLC by virtue of purchasing 5,000 units, or 5%, of the LLC; and a copy of the consultant agreement between Star Sensor and Jim Schumacher LLC, which includes a "Form of Exercise Notice" stating that on July 27, 2011, Jim Schumacher LLC elected to purchase 5,000 units of Star Sensor LLC, as well as copy of a check from Jim Schumacher LLC to Star Sensor for $5,000 for "Purchase of 5,000 units of Star Sensor Technology LLC." *See* Sheffield Decl. Ex. 1 at 435:14-436:14 (deposition testimony); Ex. 5 (settlement agreement); Caine

Decl. Ex. 1 at 138:15-20 (deposition testimony); Ex. 5 at SCHU0006518 & SCHU000526 (option agreement and check). Defendants have also cited authority, which is not disputed by plaintiff, for the proposition that "members" of an LLC are defined as those who own a membership interest. *See* Cal. Corp. Code § 17001(t)(x), (z); 9 Bernard E. Witkin, *Summary of California Law, Partnerships*, § 136, at 697 (10th ed. 2005); *see also* C. Hugh Friedman & James F. Fotenos, *California Practice Guide: Corporations*, ¶ 2.36.1 (2013).

Plaintiff argues that defendants[2] have not met their burden to show that Schumacher was a member of Star Sensor at the time of the March 2013 agreement because defendants have not submitted any evidence showing that the units were actually issued. Plaintiff notes that the Star Sensor option agreement states, "Until the issuance (as evidenced by the appropriate entry on the books of the Company or of a duly authorized transfer agent of the Company) of the Units, no right to vote or receive dividends or any other rights as a member shall exist with respect to the Exercised Units, notwithstanding the exercise of the Option." Caine Decl. Ex. 5 at Ex. 5 at SCHU00065124. However, as defendants note, Schumacher testified under oath in April 2013 that he was a member of Star Sensor, that he purchased units of Star Sensor in 2011, and that he still owned those units. Plaintiff has not submitted any evidence to contradict this sworn testimony, and in the absence of any such evidence, the record before the Court is undisputed that Schumacher was a member of Star Sensor at the time of the March 2013 settlement.

The Court concludes that defendants have met their burden to show that they are entitled to summary judgment on plaintiff's claims to the extent those claims are based on defendants' sales of Star Sensor products, and thus Court GRANTS this aspect of defendants' motion.

**II.    Schumacher defendants' liability based on sales of Skypatrol products**

The Schumacher defendants contend that they are entitled to summary judgment because, at the time that defendants filed the instant motion for summary judgment, plaintiff's infringement contentions did not allege that the Schumacher defendants infringed based upon the sale of Skypatrol products.

---

[2] The parties do not distinguish between Jim Schumacher and Jim Schumacher LLC when analyzing whether "Schumacher" is covered by the Star Sensor/Spireon settlement agreement's release.

4

Defendants argue that after this Court granted plaintiff leave to file amended infringement contentions in April 2013, plaintiff impermissibly amended the contentions to assert for the first time that the Schumacher defendants infringed based upon the sale of Skypatrol products.

In response, plaintiff asserts, *inter alia*, that the complaint broadly alleges that the Schumacher defendants infringe the patents-in-suit based on the sale of GPS tracking products and services, and that nothing in the complaint limits the infringement allegations against the Schumacher defendants to the sale of Star Sensor products. Plaintiff also asserts that it did not know that Schumacher became a Skypatrol sales agent in January 2013, and that plaintiff has been diligent throughout the discovery process in trying to discover the nature and extent of the Schumacher defendants' sale of GPS tracking solutions. For example, plaintiff notes that in February 2013, plaintiff served an interrogatory on Schumacher requesting the identity of the manufacturers of the GPS products that Schumacher sold, and that it was not until April 2013 that Schumacher responded identifying Skypatrol GPS solutions as among those that he sold. Plaintiff's counsel also emailed Schumacher's counsel in February and March 2013 asking whether Schumacher now sold Skypatrol products (because the "word on the street" was that Schumacher was working for Skypatrol), and defense counsel never responded to those emails. Plaintiff also notes that on March 8, 2013, plaintiff responded to Schumacher's interrogatories and stated that Schumacher induced and contributed to infringement by selling, *inter alia*, Skypatrol products. Caine Decl. Ex. 8 at 3. Further, plaintiff states that the amended infringement contentions that plaintiff filed in response to this Court's April 2013 order were identical to the contentions that were the subject of the motion to amend, and that the only difference was that plaintiff updated its discovery responses to reflect the fact that Schumacher was now a Skypatrol sales agent.

The Court finds that the allegations of the complaint are broadly framed and embrace allegations that the Schumacher defendants infringe based on the sale of Skypatrol products. Further, the record before the Court shows that plaintiff has been diligent in attempting to discover the Schumacher defendants' relationship with Skypatrol, and that as early as March 8, 2013, plaintiff informed defendants through discovery responses that plaintiff alleged that the Schumacher defendants infringed based upon the sale of Skypatrol products. The Court further finds that there are disputes of fact regarding the Schumacher defendants' infringement, and accordingly DENIES this aspect of defendants'

motion.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. Docket No. 182.

**IT IS SO ORDERED.**

Dated: June 18, 2013

SUSAN ILLSTON
United States District Judge