IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PROCONGPS, INC.,

    Plaintiff,

    v.

SKYPATROL, LLC, *et al.*,

    Defendants.

No. C 11-3975 SI

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

On July 26, 2013, the Court heard argument on the parties' motions for summary judgment. For the reasons set forth below, the Court DENIES the motions.

**DISCUSSION**

The parties have filed competing motions for summary judgment regarding whether the patents-in-suit (the "Forbes patents") are anticipated by a single prior art reference, U.S. Patent No. 6,069,570, issued to Herring (the "Herring patent"). The Herring patent, titled "Asset Location System," discloses a GPS-based system for monitoring the location of assets. Nguyen Decl. Ex. 3. The Field of the Invention of the Herring patent states that "[t]he present invention pertains to a low cost, low power communication system; more particularly the present invention pertains to a non-voice communication system for determining the location or states of an asset or a class of assets in a larger array of assets such as a tractor trailer, a container, construction equipment, P & D trucks, service vehicles, buses, *financed vehicles which can be repossessed*, etc." *Id.* at SKYP0000241.

"A single prior art reference that discloses, either expressly or inherently, each limitation of a claim invalidates that claim by anticipation." *Perricone v. Medicis Pharmaceutical Corp.*, 432 F.3d 1368, 1375 (Fed. Cir. 2005). "Thus, a prior art reference without express reference to a claim limitation may nonetheless anticipate by inherency." *Id*. "Under the principles of inherency, if the prior art necessarily functions in accordance with, or includes, the claims limitations, it anticipates." *In re Cruciferous Sprout Litig.*, 301 F.3d 1343, 1349 (Fed. Cir. 2002). Because a patent is presumed valid, invalidity must be established by clear and convincing evidence. *See Takeda Chem. Indus., Ltd. v. Alphapharm Pty.*, Ltd., 492 F.3d 1350, 1355 (Fed. Cir. 2007); *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003).

Plaintiff contends that Herring does not disclose every limitation of the Forbes patents. For example, plaintiff argues that Herring does not disclose the limitation of monitoring the loan status for a default condition because "it is not necessary to monitor loan status for a default condition to locate any of [the assets mentioned in the Herring patent], and thus the reference to 'a financed vehicle which can be repossessed' does not make the monitoring step inherent in Herring." Pl's Motion at 7:23-26. Plaintiff argues that "a repossession can occur for many reasons irrespective of whether the loan is paid current or delinquent, and irrespective of whether the loan is being monitored or not." *Id*. at 8:2-5. Plaintiff also emphasizes the fact that the PTO considered the Herring reference during a reexamination of the Forbes patents, although the PTO did not address anticipation in its reexamination determinations.

Skypatrol, on the other hand, contends that Herring expressly or inherently discloses every limitation of the Forbes patents. With regard to monitoring loans for default, Skypatrol argues that Herring inherently discloses that limitation because it is undisputed that a vehicle cannot be repossessed unless there is a default of some kind, and that "Forbes contains nothing about loan monitoring techniques. . . . All Forbes disclosed was using GPS to make it easier to find financed vehicles which can be repossessed, just as Herring did." Def's Reply at 7:5-10. As to the reexamination, defendant argues that because the PTO did not explicitly address whether Herring was anticipated, it is improper to assume that the PTO considered anticipation during the reexamination.

The Court concludes that while the facts underlying the parties' motions are largely undisputed, a finder of fact could reasonably draw different conclusions about whether Herring discloses every

2

limitation of the Forbes patents. Accordingly, the Court finds that summary judgment is inappropriate, and DENIES the parties' motions.

## CONCLUSION

For the foregoing reasons, the Court DENIES the parties' motions for summary judgment. Docket Nos. 227, 250 & 252.

**IT IS SO ORDERED.**

Dated: August 27, 2013

SUSAN ILLSTON
United States District Judge