IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROCONGPS, INC., | No. C 11-3975 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| SKYPATROL, LLC, *et al.*, | |
| Defendants. | |

The parties have submitted a discovery dispute to the Court for resolution. Docket Nos. 241, 247 & 248. Fact discovery closed on April 12, 2013. At issue is defendants' disclosure on June 11, 2013, of eight previously undisclosed individuals likely to have discoverable information. Docket No. 241, Ex. A at 1. The disclosed individuals are: (1) Ramiro Sanchez, a Skypatrol employee who has been employed by Skypatrol since April 2011 and who recently assumed new job responsibilities, and who was identified regarding "[t]he design and function of Skypatrol's GPS vehicle tracking and monitoring products"; and (2) seven individuals who may have information about "[c]ompetition between Skypatrol and Spireon [and] Spireon product quality issues." *Id*. The seven individuals include five former Spireon employees who are now Skypatrol employees, and two individuals who are affiliated with El Dorado Motors, a former Spireon customer that is now a Skypatrol customer. Plaintiff's damages expert, Dr. Putnam, identified these seven individuals in his June 6, 2013 report when explaining his opinion about plaintiff's claim for lost profits.

Rule 26(a) of the Federal Rules of Civil Procedure provides that a party's initial disclosures must

identify witnesses "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a). A party has an affirmative obligation to supplement the disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-1846 LHK, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012) (quoting Fed. R. Civ. P. 26(e)(1)(A)). "[I]ncidental discovery, particularly during a deposition, of information ordinarily subject to supplementation satisfies the Rule 26(e)(1) duty as sufficiently as formal filing . . . ." *Nuance Commc'ns, Inc. v. Abbyy Software House*, No. 08-2912 JSW (MEJ), 2012 WL 2838431, at *1 (N.D. Cal. July 10, 2012) (footnote omitted) (ellipses in original) (quotation marks omitted). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. " Fed. R. Civ. P. 37(c)(1).

Defendants state that they disclosed Mr. Sanchez because he was recently promoted to replace a departing employee, Mr. Ordonez. Defendants also state that Mr. Sanchez's identity was disclosed to plaintiff through Mr. Ordonez's deposition, during which plaintiff's counsel asked Mr. Ordonez about Mr. Sanchez and Mr. Ordonez described Mr. Sanchez as a senior support engineer who reported to him. Defendants also state that at his deposition, Skypatrol's CEO described Mr. Sanchez as Skypatrol's senior technician or technical manager. The Court finds that based on this deposition testimony, Mr. Sanchez's identity and role as a technician was effectively disclosed to plaintiff prior to the fact discovery cut-off. *See Vieste, LLC v. Hill Redwood Dev*., No. C–09-04024 JSW (DMR), 2011 WL 2181200, at *3 (N.D. Cal. June 3, 2011) (holding the defendant sufficiently disclosed identities of two witnesses through deposition testimony that the witnesses attended a meeting with the defendant regarding projects at issue in the case). Further, the Court finds that plaintiff will not be prejudiced if Mr. Sanchez testifies because plaintiff took the deposition of Mr. Ordonez, who Mr. Sanchez replaced, and presumably plaintiff deposed Mr. Ordonez about the design and function of Skypatrol's products. In any event, defendants state that plaintiff has not sought to take Mr. Sanchez's deposition since he was disclosed in June 2013 (and indeed, plaintiff asserts that Mr. Sanchez's testimony would be cumulative

of that of Mr. Ordonez and another Skypatrol employee).

With regard to the other seven individuals who were disclosed (the former Spireon employees and El Dorado employees), defendants argue that plaintiff should have disclosed these individuals prior to Dr. Putnam's June 6, 2013 report. Defendants assert that prior to Dr. Putnam's report, Skypatrol had no reason to believe that plaintiff would rely on these witnesses as the basis for its lost profit claim. Defendants note that plaintiff's supplemental interrogatory response describing its lost profits claim, served in November 2012, stated in its entirety, "Spireon has lost profits due to defendants' sales. As authorized by the Court, Spireon may supplement its response to Interrogatory No. 2 after Skypatrol produces sufficient documents to quantify its damages." Plaintiff did not supplement its response to explain its lost profits claim, and provided no further detail until it served Dr. Putnam's report.

Based upon the history of discovery on plaintiff's lost profits claim, and the fact that plaintiff first disclosed the seven individuals in Dr. Putnam's expert report, the Court finds that defendants' late disclosure of these individuals is substantially justified. Plaintiff asserts that defendants should have disclosed these individuals earlier because defendants knew that plaintiff was claiming lost profits, and a Spireon employee testified in March 2013 that several Spireon sales agents had left to work for Skypatrol, and that El Dorado Motors had left Spireon and was now buying from Skypatrol. However, the Court agrees with defendants that neither the knowledge that plaintiff was seeking lost profits, nor the deposition testimony mentioned by plaintiff, was sufficient to put defendants on notice that plaintiff would be relying on the seven individuals as the basis for its lost profits claim. Further, the fact that plaintiff is relying on these individuals as the basis for its lost profits claim undercuts any assertion of prejudice to plaintiff.

Accordingly, the Court DENIES plaintiff's request that the witnesses at issue be excluded from testifying.

**IT IS SO ORDERED.**

Dated: August 27, 2013

SUSAN ILLSTON
United States District Judge

3